UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADINE JOACHIN,

                Plaintiff,

-against-

AIG, THE UNITED STATES LIFE INSURANCE COMPANY, SCOTT PIERCE, and MIKAIL ALSAFA,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/2025

24-cv-4335 (MKV)

ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff initiated this case by filing a *pro se* complaint in the Supreme Court of the State of New York, County of Bronx [ECF Nos. 1-1, 1-2 (collectively, "Cmpl.")]. Plaintiff's Complaint asserts, in wholly conclusory fashion, that Defendants are "practicing illegal Sherman Antitrust Act [violations]." Cmpl. ¶ 1; *see* 15 U.S.C. §§ 1, *et seq.* Defendants removed the case to this Court, invoking the Court's federal subject matter jurisdiction, because Plaintiff purports to assert a claim arising under federal law [ECF No. 1 ("Notice of Removal") ¶ 2]. *See* 28 U.S.C. §§ 1331, 1441(a). Defendants represent that they served Plaintiff with the Notice of Removal both by filing it with the clerk of the Bronx County Supreme Court and by mailing it to Plaintiff at the address she had listed in her Complaint. Notice of Removal at 6.

      Thereafter, Defendants sought leave to file a motion to dismiss the Complaint under Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 5]. The Court issued an Order granting Defendants leave to file their contemplated motion to dismiss and *sua sponte* granting Plaintiff leave to amend her pleading before any such motion was filed [ECF No. 6]. Defendants thereafter filed their motion to dismiss [ECF Nos. 7, 8, 9].

1

On the Court's review of the docket in this case, however, it does not appear that Plaintiff ever received notice of either Defendants' motion to dismiss or of the Court's Order granting Plaintiff an opportunity to cure her pleading and setting a deadline for her to file an opposition to Defendants' motion to dismiss. In particular, Plaintiff has not filed a notice of appearance, let alone a notice of consent to receive electronic filings, and Defendants did not file proof of service of their motion to dismiss.

The Complaint, which contains no factual allegations whatsoever, is grossly deficient and, in the ordinary course, could be dismissed *sua sponte*. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also* Fed. R. Civ. P. 8; *id.* 12(f). However, the Court cannot rule on the merits of the *pro se* Plaintiff's case without ensuring that she has notice and an opportunity to cure her pleading or oppose the motion to dismiss. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999).

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF Nos. 7, 8] is DENIED without prejudice to renewal. By March 28, 2025, Defendants must file their renewed motion together with proof of service on Plaintiff of (1) this Order and (2) Defendants' motion papers.

IT IS FURTHER ORDERED that **Plaintiff must appear in this action by April 14, 2025. Failure to file a notice of appearance by April 14, 2025 will result in dismissal of this case for failure to prosecute.**

IT IS FURTHER ORDERED that, if Plaintiff wishes to amend the Complaint, she must file an amended complaint by May 5, 2025. **This is Plaintiff's last opportunity to amend in response to any issue raised in Defendants' motion papers, or this Order, and failure to file**

2

**an amended complaint by May 5, 2025 will be deemed a waiver.**

IT IS FURTHER ORDERED that Defendants shall respond to any amended complaint within 14 days of its filing.  If Defendants respond with a motion to dismiss, **Plaintiff shall file an opposition by June 23, 2025**.  Any reply is due June 30, 2025.

IT IS FURTHER ORDERED that, **if Plaintiff chooses not to amend**, **Plaintiff shall file an opposition** to Defendants' renewed motion to dismiss by **May 5, 2025**.  **Plaintiff is on notice that failure to file an opposition may result in dismissal for failure to prosecute.**  Any reply is due May 12, 2025.

**The parties are on notice that failure to comply with court orders and all applicable rules may result in sanctions, including: monetary sanctions; preclusion of claims, defenses, and evidence; and the case-terminating sanctions of dismissal for failure to prosecute and default judgment.**

Any request for an extension shall be made by letter and must be filed on ECF at least 48 hours before the deadline.

**SO ORDERED.**

Dated:  **March 14, 2025**
        **New York, New York**

_____
**MARY KAY VYSKOCIL
United States District Judge**